# WORDEN et al v. PERRY et al.; AUGUSTA LUCY DOUGHERTY PERRY, Appellant.

## In Banc, June 20, 1906.

**WILL: Cross-Remainders: Power of Disposition.** The will gave the residue of testator's estate to two children during their natural lives with remainder to the heirs of their bodies, "but with full power and authority to each after their majority to dispose of the absolute estate in fee simple title," and on the death of either without children the survivor, or if dead, the survivor's children, were to take. The son, after he reached his majority, for a recited consideration of $59,125 conveyed a half interest to an intermediary and he conveyed the same to the son's wife. Neither the intermediary nor the wife paid the son anything for the property, and the son testified that he made the conveyance so that the property would not go to his sister if he died without issue. *Held*, in a suit by the wife against the sister for partition, that the wife took by the deed (which recited that it was made "with the intent and with the purpose of exercising, as he does hereby exercise, the full power given him by said will to dispose of the absolute estate in fee simple") the title in fee to an undivided half of the property, and not simply a life estate.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

REVERSED AND REMANDED.

*P. A. Griswold* for appellant.

(1) In construing a will the great object is to ascertain the intent of the testator. Lessee of Williams v. Veach, 17 Ohio 180. (2) The power of disposal created by the words "with full power and authority to dispose of the absolute estate in fee simple title" did not confer on defendant Dougherty the power to give away his estate, but must be construed as a power to sell. Matter of Hesdra, Connoly 519; Lessee of

Williams v. Veach, 17 Ohio 180; Hunt v. Hunt, 11 Nev. 449; Stokes v. Payne, 58 Miss. 618; Matter of Davids, 5 Dem. 16; Matter of Rosenfield, 5 Dem. 254; Sires v. Sires, 43 S. C., 266. (3) Power to sell real estate does not authorize a voluntary gift of same. Dupont v. Wertheman, 10 Cal. 367; Garland v. Smith, 164 Mo. 17; Fleming v. Miles, 182 Ill. 471; Sires v. Sires, 43 S. C. 271; Farwell on Powers, 454. (4) Where the courts have enlarged the meaning of the word "dispose" they have done so in order to effectuate a transaction which was equivalent to a sale out and out. Phelps v. Harris, 101 U. S. 380; Fling v. Gooddale, 40 N. H. 219. In the execution of a power, the law requires a strict compliance with the intent of the donor, and especially will this be true of a power to cut out remaindermen, as in the case at bar. Garland v. Smith, 164 Mo. 15; Price v. Courtney, 87 Mo. 391; 2 Washburn on Real Property, p. 614; Tiedeman on Real Property, sec. 567.

*Kortjohn & Kortjohn* for respondents.

(1) Where there is a general power of appointment, and no particular mode of executing same is prescribed, the donee of the power can give the property away without any consideration, by such instrument as he may elect. (2) Where a power is given for a particular purpose, then the power can be executed only to carry out that purpose. (3) The words "dispose of" have no technical legal significance and as in their ordinary meaning they include every method for alienating property, they must be so construed, unless the instrument creating the power shows that they were used in a different sense.

BRACE, C. J.—This is a suit for partition of a lot in block number 3970 of the city of St. Louis, fronting one hundred and thirty-five feet on the west side of

Newstead avenue by a depth westwardly of one hundred and fifty feet to property now or formerly of Enoch T. McCune, and bounded south by the south line of the Cul de Sac common fields. The controversy arises under the will of James S. Dougherty, construed in the case of Grace v. Perry et al., submitted with this case and reported at page 550 of this volume, in connection with this opinion must be read.

When James S. Dougherty, the son, attained his majority, he married Alice M. Stadler, the plaintiff. Thereafter, he, his wife joining, executed a deed to the property in question, *inter alia,* to William T. Peters. The deed contained the following recitals: ''The said James S. Dougherty, now past his majority, and who makes this deed with the intent and with the purpose of exercising, as he does hereby exercise, the full power and authority given him by the will of his deceased father, James S. Dougherty, to dispose of the absolute estate in fee simple title in and to the undivided one-half interest of the hereinafter described real estate in the city of St. Louis . . . in consideration of the sum of $59,125 . . . do by these presents, grants, bargain and sell, convey and confirm . . . all his undivided one-half interest in and to a parcel of land,'' describing the property in controversy, together with a great deal of other property. The deed contains the modern covenants of warranty. Thereafter, William T. Peters conveyed the property in controversy to Alice M. Dougherty, the wife of James S. Dougherty. Peters paid Dougherty nothing for the transfer of any of the property to him, and the plaintiff paid Peters nothing for the property in controversy. Dougherty says he made the conveyance of the property in controversy to Peters in order to have him convey it to his wife so it would not go to his sister (the defendant Mrs. Perry) or to Loker, if he died without selling it.

Thereafter, Dougherty's wife procured a divorce from him, and married James L. Worden. She brings

this suit and asks to have the land partitioned, claiming to be the owner of an undivided half interest in the land in fee. The defendant claims that plaintiff, Mrs. Worden, acquired only the life estate of her husband, James S. Dougherty.

The court found that the plaintiff Alice M. Stadler Worden is entitled to an undivided one-half interest in said real estate in fee simple. The defendant, Augusta Lucy Dougherty Perry, is entitled to an undivided one-half interest in said real estate for life, remainder to the heirs of her body, with power in said Augusta Lucy Dougherty Perry to dispose of the fee simple title of said undivided one-half interest, provided, that if she should die, without having exercised said power of disposition, then the said half interest of said Augusta Lucy Dougherty Perry in said real estate shall go to the defendant, James S. Dougherty; and in case both said Augusta Lucy Dougherty Perry and James S. Dougherty should die, without issue of their body, then the half interest of said Augusta Lucy Dougherty Perry in said real estate shall pass to and vest in the defendant Charles F. Loker. The court doth further find that the undivided one-half interest of the said Augusta Lucy Dougherty Perry is subject to the annuity of eight hundred dollars for the benefit of Mary C. Dougherty, placed thereon by the last will of James S. Dougherty, deceased. The court doth further find that the defendant William Lyons has no interest in said real estate. And the court decreed that partition in kind of said real estate be made between the several owners thereof, according to their respective interests therein, as hereinbefore set out.

The finding and the decree in this case is in accordance with the ruling in the Grace case. The finding is perhaps not as definite as it should have been. If the finding had read, "That the plaintiff Alice M. Stadler Worden is entitled to an undivided one-half interest in said real estate in fee simple, and the defendant

Augusta Lucy Dougherty Perry is entitled to an undivided one-half interest in said real estate for life, remainder to the heirs of her body, with power in said Augusta Lucy Dougherty Perry to dispose of the fee simple title of said undivided one-half interest in fee simple, provided that if she should die without issue of her body and without having exercised said power of disposition, then the said half interest of the said Augusta Lucy Dougherty Perry shall go to the said James S. Dougherty for life, remainder to the heirs of his body, with power in said James S. Dougherty to dispose of the fee simple title of said one undivided half interest, provided that if the said James S. Dougherty should die without heirs of his body and without having exercised said power of disposition, then the half interest of the said Augusta Lucy Dougherty Perry in said real estate shall pass to and vest in the said Charles F. Loker in fee simple,'' the decree would have defined the rights and interests of the parties in the premises with precision and in exact compliance with the rulings in the Grace case. This is probably the meaning of the decree anyhow; but as the case must be remanded for further proceedings, the finding and decree may as well be amended in this respect, and when so amended the decree ought to be affirmed. It is accordingly so ordered, and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed. All concur except *Graves, J.,* not sitting.